## DAVIS v. CHICAGO, I. & L. RY. CO.

(Circuit Court of Appeals, Seventh Circuit. January 2, 1907.)

No. 1,280.

MASTER AND SERVANT—ACTION FOR INJURY TO SERVANT—DIRECTION OF VERDICT.

In an action against a railroad company to recover for the death of a brakeman caused by the breaking of a defective grab iron on the end of a moving car which the deceased took hold of in order to drop from the car to the ground to make a coupling, the questions whether defendant properly inspected the car, whether such inspection would have disclosed the defect, and whether the deceased, under the rules or instructions of the defendant, properly used the grab iron as he did, were all pertinent and material to the defense, and, in the absence of any evidence thereon, it was error to direct a verdict for the defendant.

Error to the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

The action below was by an administratrix, to recover for the death of her husband, a switchman of the defendant railroad. On the conclusion of plaintiff's evidence—consisting of the testimony of one witness who was present at the time of the accident—the court instructed the jury to find a verdict for the defendant; and on this instruction the error complained of is predicated.

The testimony of this witness showed that the accident occurred in the manner following: The train, a switching train under a conductor, was on its way, in the yards, to take up a car—the deceased being on a flat car that was expected to couple with the car to be taken up. When the car to be taken up was approached, it was seen that its couplers were closed, whereupon the deceased, the flat car being yet some twenty or thirty feet away, and the train going very slowly, put his hand upon a grab iron at the end of the flat car, to drop to the ground, that he might run forward and open the couplers. The grab iron was on the end of the car, about an inch below the level, and on receiving the weight of the deceased, broke, precipitating the deceased to the track, his head or neck falling upon the rail, where it was struck by the wheels of the flat car.

The grab iron or hand hold, from shoulder to shoulder, was about eighteen inches long. There were no grab irons on the sides of the car. There were no stirrups on the car. The purpose of the iron was to give a switchman something to catch hold of when, between the cars adjusting the couplers, he might stumble, or, for any other reason, needed support.

The grab iron broke in two places, one place where the screws held it to the car, "right at the hold of the iron," where there was a flaw or old defect of about a quarter of an inch. This defect or crack was rusty "as if it had been rusted a long time." The other break was fresh. When the grab iron was found after the accident, it was seen there was a dent—the iron driven into the wood of the car like a V—but there was no evidence that the deceased knew of this dent, for he did not look over the end of the car before he took hold of the grab iron. In the ordinary course of the practice prevailing in this yard, the car ought to have been inspected between six o'clock in the morning and the happening of the accident; but whether it was so inspected or not, does not appear.

David B. Gann, for plaintiff in error.
Geo. W. Kretzinger, for defendant in error.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

GROSSCUP, Circuit Judge, after stating the facts, delivered the opinion.

The single witness called was a switchman working in company with the deceased. He was called for the plaintiff. The defendant called no

witnesses, but obtained a verdict upon the instruction of the court at the close of the plaintiff's testimony. The case must be considered, for the purposes of the error alleged, as if the defendant were offering to submit the case finally, without further proof.

Whether the car had actually been inspected; whether upon such inspection the defect in the hand hold would have been apparent; whether such defect was the result of a "cornering of the car" subsequent to the inspection, were all questions within the peculiar knowledge and possession of the defendant; and defendant's failure to call witnesses to those questions is something that might be rightly taken into consideration by a jury in arriving at a verdict.

Whether the grab iron was put there solely for use of switchmen in coupling the cars, and was not to be used in alighting from the cars; and whether this switchman had any instruction to that effect, either by rule or otherwise, were also questions within the peculiar knowledge and possession of the defendant; and in the absence of any testimony by defendant, presented matter that a jury could rightly take into consideration. Indeed the situation, to the extent it was disclosed, and in view of what was not disclosed, was such as would have justified a jury in finding that the deceased had a right to avail himself of this grab iron in the manner, and for the purposes shown, and that the defect through which he received his injuries was a danger that he ought not to have been exposed to; at least the situation is one so speaking for itself, that the case ought to have gone to the jury, either with or without further testimony, as the defendant might choose, for the jury's determination.

What has already been said results in a reversal of the judgment of the court below. We think it proper, however, to add, for the guidance of the court on another trial (error having been duly assigned thereon) that in our judgment the declaration of the deceased, made at the time of his fall from the car, respecting the cause of his fall, is a part of the res gestæ, and should have been admitted; as also the evidence relating to the extent of deceased's contributions to the support of his wife and family, immediately prior to the time of his injury.

The judgment of the Circuit Court will be reversed with instructions to grant a new trial.