## CHICAGO, I. & L. RY. CO. v. DAVIS.

(Circuit Court of Appeals, Seventh Circuit. June 23, 1909.)

### No. 1,568.

MASTER AND SERVANT (§ 265*) — ACTION FOR DEATH OF SERVANT — BURDEN OF PROOF.

In an action against a railroad company for the death of a brakeman, alleged to have resulted from a defective hand hold on a car, where the right of recovery depended upon whether the defect existed when the car was inspected on the evening before, and was of such nature that it should have been disclosed by a careful inspection, or whether it was caused by the subsequent handling of the car, an instruction that the burden rested upon the defendant to prove a proper inspection by a preponderance of the evidence was erroneous and prejudicial to defendant, since, while it was its duty to produce evidence of the inspection, the burden of proof to establish its negligence remained on the plaintiff.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 902; Dec. Dig. § 265.*]

In Error to the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

George W. Kretzinger, for plaintiff in error.

George H. Peaks and Charles G. Neely, for defendant in error.

Before GROSSCUP, BAKER, and KOHLSAAT, Circuit Judges.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GROSSCUP, Circuit Judge. This case was here once before on a writ of error brought by the then plaintiff in error (the plaintiff in the action below) and the judgment reversed for error in instructing the jury to find a verdict in favor of the now plaintiff in error (the defendant in the action below). Davis v. Chicago, I. & L. Ry. Co., 151 Fed. 1008, 81 C. C. A. 286, where the facts will be found fully stated.

The case then turned, as the case now turns, upon a single question of fact, to-wit, whether the defect in the hand hold, from the giving away of which the deceased, Herbert A. Davis, received his injuries, was a defect that was in existence the evening before the accident and when the car was inspected, and was such a defect as a careful inspection would have disclosed, or whether such defect was the result of a handling of the car on the side track between such inspection and the next morning (due to what is technically called "a cornering of the cars"), in that way intervening between the inspection and the time of injury.

On that issue—evidence, circumstantial and direct, being offered pro and con—the Court below instructed the jury as follows (the whole colloquy is given to bring out the full effect of the instruction):

"Mr. Peaks: I have no exception, but I want to suggest to the Court to charge the jury that the burden is upon the company to prove the inspection and to prove contributory negligence.

The Court: I think I should do that.

Mr. Peaks: Now, there is nothing to do as to the burden of proof.

The Court: Yes, I see.

Mr. Peaks: And if they are in doubt as to any of these matters of defense, the company having failed to sustain the burden, then the presumption will be in favor of the plaintiff.

Mr. Smith: Well, I except to that.

The Court: I will state it in a little different way.

Mr. Peaks: But cover the subject.

The Court: I will do that now. Counsel calls my attention to the fact that I have not said anything about the burden of proof, and that is true, I did not.

Now in these cases, in a case like this where the evidence as to the condition of the car is mainly in the possession and control of the defendant company, the burden is upon it to prove that it made an inspection, a fair, reasonable inspection of the car. That is to say, you should be able to find from the more convincing testimony, the greater weight of the evidence, that the inspection was made. Of course, the testimony all comes from the defendant's side. You have what Mr. Johnson said and what Mr. Husband said and the book here which went in evidence on that subject.

Now you should be able to find from the more convincing testimony, that which more reasonably satisfies your judgment than the inference the other way, that the inspection was made.

So, in regard to the question of contributory negligence. You may be in doubt on that question. If you are, you should remember that the burden there also is on the defendant, on the company to show you by the more convincing testimony (not beyond any reasonable doubt at all) but by the more convincing probability of the testimony and evidence in the case that Mr. Davis was guilty of a slight want of ordinary care. That is what is meant by the burden of proof being on the defendant on both of these issues.

(Addressing Counsel) Now, if you want to except, or have any further suggestions to make you will come up here."

and the Court refused the following instruction:

"That, if the jury believe from the evidence that the car was cornered after a proper inspection, then notice of the defect which was caused from the

cornering must be brought to the defendant or must have existed for such a length of time as to charge the defendant with notice of it, before it can be held liable."

asked by plaintiff in error, to the giving and refusing of which instructions, exceptions were duly taken and error is duly assigned.

We are of opinion that in the instructions given, error was committed—not merely a technical mis-direction upon the law of the burden of proof, but a mis-direction that, in the balanced state of the evidence pro and con, may have determined the verdict of the jury. True, when the plaintiff below had proved the condition of the hand hold and the injury resulting therefrom, the duty, or in that sense the "burden," rested upon the defendant below to show that a fair and careful inspection had been made that did not reveal the defect, but this shifting of the source simply from which testimony is to come, is not a shifting of the burden of proof in the sense that upon the contested issue the evidence of the defendant must be more convincing than the evidence of the plaintiff. The jury must consider all of the evidence, with the burden remaining just where it was from the beginning, to wit, that to establish his case, the plaintiff must make out by a preponderance of proof, the negligence set up as the ground of his action. In other words, compliance on the part of the defendant below with its obligation to place before the Court and jury evidence peculiarly within its own knowledge, possession and control, does not devolve on it the duty of persuading the Court and jury that such evidence is more convincing than the evidence that comes from other sources.

The instruction rejected is technically defective—that is to say, it does not submit to the jury the question whether the defect was caused by the cornering, but assumes that as established—but its purpose, doubtless, was to have the jury instructed that if they believed from the evidence that the car was cornered between the time when the inspection took place and when the injury occurred, and that the defect was due to such cornering, notice of such cornering must have been shown to have been brought to defendant before the jury could find that a defect due to such cornering was negligence within the declaration, and thus stated, the instruction ought to have been given. Whether in its defective form, the instruction would be sufficient error to reverse this case, it is not now necessary to decide. We make the foregoing observation in this connection simply as a suggestion to the trial court on a future trial.

The judgment will be reversed and the cause remanded, with instructions to grant the motion for a new trial and to proceed further in accordance with this opinion.